UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CLARENCE R. PACE, JR.,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　No. 1:00CV119 FRB
　　　　　　　　　　　　　　　　　　)
JO ANNE B. BARNHART, Commissioner　 )
of Social Security,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　)

**MEMORANDUM AND ORDER**

Presently pending before the Court is attorney Donald Rhodes' Petition for Representative's Fee (filed March 28, 2005/ Docket No. 21). Attorney Rhodes represented plaintiff Clarence R. Pace, Jr., before this Court on plaintiff's appeal of an adverse determination by the Social Security Administration.[1] By judgment entered March 28, 2002, the matter was remanded to the Commissioner for further proceedings. Attorney Rhodes now moves for attorney's fees for work he performed before this Court, to which the Commissioner responds that she has no objection. For the reasons that follow, attorney Rhodes' petition for fees should be denied.

**I. Procedural History**

On July 28, 1998, plaintiff Clarence R. Pace, Jr., filed an application for Disability Insurance Benefits pursuant to Title

---

[1]The matter was heard and determined by the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

II, 42 U.S.C. §§ 401, et seq., and an application for Supplemental Security Income pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq., in which he alleged he became disabled on November 30, 1995. The Social Security Administration denied plaintiff's claims for benefits, after which plaintiff requested and was granted a hearing before an Administrative Law Judge (ALJ). Such hearing was held on December 8, 1999. On February 7, 2000, the ALJ issued a decision denying plaintiff's claims for benefits. On August 4, 2000, the Appeals Council denied plaintiff's request for review of the ALJ's decision.

Thereafter, on September 27, 2000, plaintiff appealed the Commissioner's adverse decision by submitting a Complaint to this Court in accordance with 42 U.S.C. § 405(g). The Complaint was filed and processed on October 16, 2000, upon plaintiff being granted leave to proceed in the cause in forma pauperis. Defendant Commissioner answered plaintiff's Complaint on February 22, 2001. The parties thereafter briefed the issues before Court, after which, on March 28, 2002, the Court entered a Memorandum and Order finding the Commissioner's decision not to be supported by substantial evidence on the record as a whole. Specifically, the Court determined the ALJ to have failed to consider all of the medical evidence before him, to have erred in his analysis of plaintiff's subjective complaints of pain and disabling symptoms, to have failed to consider evidence of plaintiff's mental

impairments, and to have failed to consider the combined effect of all of plaintiff's impairments. (See Memo. & Order, filed Mar. 28, 2002/Docket No. 19). By judgment entered that same date, the decision of the Commissioner was reversed, and the cause was remanded to the Commissioner for further proceedings. (Judgment, filed Mar. 28, 2002/Docket No. 20). Plaintiff was represented at all times during this judicial review process by attorney Donald Rhodes.

The record before this Court has remained silent since the entry of the Court's judgment on March 28, 2002, until the filing of attorney Rhodes' instant petition for attorney's fees on March 28, 2005.

## II. Petition for Fees

In the instant petition, attorney Rhodes seeks approval and payment of fees, stating only, "Comes now the undersigned attorney and seeks payment of the following attorney fee in the sum of $4,375.90 for legal services performed for the Plaintiff involving an application made under the Social Security Administration, Retirement Survivors, and Disability Insurance." The petition is silent as to the authority under which Mr. Rhodes seeks fees. Attached to the petition is an itemized time sheet documenting the time Mr. Rhodes expended in pursuing plaintiff's appeal before this Court. Also attached to the petition is a letter addressed to Mr. Rhodes from the Social Security

Administration, dated February 25, 2005, which states:

> We have withheld the additional amount of $4375.90, which represents the balance of 25 percent of the past-due benefits payable to Clarence Pace, Jr., as required by Section 206(b) of the Social Security Act[, 42 U.S.C. § 406(b)]. This amount has been withheld since February 2004. You previously received our notice that a fee petition should be submitted within 60 days from the date of such notice to the United States District Court.
>
> We do not wish to delay the release of funds withheld from the claimant's past-due benefits. Therefore, pursuant to section 404.1730(c) of Social Security Regulations No. 4 (20 CFR 404.1730(c)), we will certify for payment to the claimant all remaining withheld benefits unless you file a petition for approval of a fee within 20 days from the date of this letter, or a written request for an extension of time.

(Petn. for Fees, Exh. B.)

Mr. Rhodes submitted the instant petition for fees to this Court on March 28, 2005.

### III. Discussion

Under the Equal Access to Justice Act (EAJA), enacted in 1980, a party who prevails in court against the United States, including a successful Social Security claimant, may be awarded attorney's fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The amount of such fees is determined by the time expended by the attorney and his hourly rate and is not

dependent upon an actual monetary recovery by the claimant. 28 U.S.C. § 2412(d)(1)(B); Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

In addition to the availability of fees under the EAJA, the Social Security Act provides for the payment of fees to attorneys who have successfully litigated Title II claims in court on behalf of a claimant for Disability Insurance Benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).[2]

When timely sought, attorney's fees approved under § 406(b) are withheld by the Commissioner from the claimant's past-due benefits and are paid directly therefrom to the attorney. Burnett v. Heckler, 756 F.2d 621, 626 (8th Cir. 1985). Where fees are not timely sought, all withheld past-due benefits are released by the Commissioner to the claimant and, thereafter, "the collection of

---

[2]Attorney's fees are not recoverable from past-due benefits under § 406(b) on claims for Supplemental Security Income made under Title XVI of the Act. Bowen v. Galbreath, 485 U.S. 74 (1988).

any approved fee is a matter between the attorney and the claimant represented." 20 C.F.R. § 404.1730(c)(2)(ii). As such, fees approved under § 406(b) are recovered from the claimant, whether by the Commissioner's deduction from past-due benefits or by direct action from the attorney.

As is apparent, a primary difference between the EAJA and § 406(b) is that under the EAJA, the government, not the claimant, is responsible for paying counsel's attorney's fees, thereby increasing the total amount of past-due benefits the claimant actually receives. Gisbrecht, 535 U.S. at 796; Roark v. Barnhart, 221 F. Supp. 2d 1020, 1021-22 (W.D. Mo. 2002).[3] For this reason, some courts have held that, as a continuing duty to their clients, attorneys representing Social Security claimants are obligated to seek fees under the EAJA or justify their failure to do so. See, e.g., Shepherd v. Apfel, 981 F. Supp. 1188, 1194 (S.D. Iowa 1997); Taylor v. Heckler, 608 F. Supp. 1255, 1256, 1258 (D.N.J. 1985).

> It is unfortunate enough that the [sic] so many social security claims are wrongfully denied by the Commissioner. Once such a decision has been reversed, attorneys representing Social Security claimants need to continue the zealous representation of their clients by filing EAJA applications to prevent further reducing the disabled person's past due benefits.

Shepherd, 981 F. Supp. at 1193 (internal citation omitted). See

---

[3]Indeed, where an attorney recovers fees under both the EAJA and § 406(b), the attorney must refund to the claimant the amount of the smaller fee. Gisbrecht, 535 U.S. at 796.

also MacDonald v. Weinberger, 512 F.2d 144, 146-47 (9th Cir. 1975) (pre-EAJA) (fees under § 406(b) are deducted from the claimant's disability award, which is "normally an already-inadequate stipend for the support and maintenance of the claimant and his dependents.").

This duty is apparent in the context of a request for approval of fees under § 406(b) inasmuch as such an award is obtained from the *claimant's* benefits and, generally, the claimant himself is not before the Court. See McGraw v. Barnhart, 370 F. Supp. 2d 1141, 1153 (N.D. Okla. 2005). Although it has been said that in such circumstances, the Commissioner "plays a part . . . resembling that of a trustee for the claimants," Gisbrecht, 535 U.S. at 798 n.6, the Commissioner nevertheless has no direct financial stake under § 406(b) inasmuch as any approved fees would be paid from the claimant's past-due benefits and not from government funds. Instead, the real parties in interest on § 406(b) applications are the attorneys themselves who are seeking the approval of fees. Gisbrecht, 535 U.S. at 798 n.6; McGraw, 370 F. Supp. 2d at 1143 n.3.[4] As such, no one before the Court on a request for fees under § 406(b) is motivated to argue against an award of fees and/or its amount. See Shepherd, 982 F. Supp. at 1192-93 (recognizing potential conflicts of interest in Social Security matters

---

[4]Indeed, the undersigned notes that on the instant application, the government has no objection to attorney Rhodes' request for fees and/or the amount thereof. (Deft.'s Resp. to Pltf.'s Petn. for Fees, filed Apr. 13, 2005/Docket No. 24). As noted above, however, the government has no real interest in the outcome of this attorney-fee application.

involving the payment of fees, "especially when an attorney *only* seeks payment from his client and does not attempt to shift fee payment to the government.").

In this cause, the time for filing an application under the EAJA for payment by the government of reasonable attorney's fees expired June 26, 2002, thirty days after the judgment of this Court on March 28, 2002, became final. 28 U.S.C. § 2412(d)(1)(B), (d)(1)(G); <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 102 (1991); <u>Pottsmith v. Barnhart</u>, 306 F.3d 526 (8th Cir. 2002). Mr. Rhodes did not seek fees under the EAJA nor has provided any explanation for his failure to do so. Inasmuch as Mr. Rhodes is now barred from seeking EAJA fees, the undersigned presumes the instant petition for fees to be one made under 42 U.S.C. § 406(b).

To obtain direct payment of fees from monies withheld by the Commissioner on plaintiff's past-due benefits, it appears from SSA's February 2005 letter that Mr. Rhodes was required to file a request for approval of such fees not later than twenty days after February 25, 2005, that is, not later than March 17, 2005. The instant petition was filed March 28, 2005. Nothing before the Court shows Mr. Rhodes to have submitted a written request for extension of time to file any petition for fees. As such, it would appear that to comply with its own regulations, the Social Security Administration would have had to have already paid all remaining past-due benefits to the plaintiff. 20 C.F.R. § 404.1730(c)(2)(i).

Nevertheless, regardless of the timing of the instant petition for fees, the Court determines that an award of attorney's fees is not available to attorney Rhodes in the circumstances of this cause under 42 U.S.C. § 406(b).

As set out above, when a court renders judgment favorable to a Social Security claimant, 42 U.S.C. § 406(b)(1)(A) authorizes a reasonable attorney's fee "not in excess of 25 percent of the total of the past-due benefits *to which the claimant is entitled by reason of such judgment* . . . ." (Emphasis added.) In this cause, the plaintiff was not entitled to any past-due benefits "by reason of [this Court's] judgment." Instead, the Court's judgment merely remanded the matter to the Commissioner for further proceedings. Indeed, it was the Commissioner on remand who made the substantive determination that plaintiff was entitled to past-due benefits.[5] As such, it was by reason of the Commissioner's action, not this Court's judgment, that plaintiff became entitled to benefits.[6]

---

[5] Inasmuch as neither party has presented anything to the Court to show what action was taken by the Commissioner upon remand, the undersigned is left only to assume, by virtue of the SSA's February 2005 letter to counsel, that at some time not later than February 2004, the Commissioner found plaintiff to be disabled and awarded an amount of past-due benefits.

[6] In fact, a review of this Court's Memorandum and Order entered March 28, 2002, shows the Court to have unequivocally stated that, while the Commissioner's adverse decision was not supported by substantial evidence, "[i]t is inappropriate to reverse the Commissioner's decision at this time and award plaintiff benefits *because the current record does not conclusively demonstrate that plaintiff is disabled*." (Memo. & Order, filed Mar. 28, 2002, at p. 46.) (Emphasis added.)

Inasmuch as the Court's judgment did not entitle plaintiff to any past-due benefits, the statutory language of § 406(b) does not provide for an award of attorney's fees from such benefits for work expended before this Court.[7] See generally McGraw v. Barnhart, 370 F. Supp. 2d 1141 (N.D. Okla. 2005).[8]

In addition, § 406(b)(1)(A) provides that when a court enters judgment favorable to a claimant and fees are permitted from the past-due benefits on such judgment, "the court may determine and allow *as part of its judgment* a reasonable fee[.]" (Emphasis added.) In circumstances where, as here, it remains unknown upon the entry of the court's judgment whether remand will yield any benefits to a claimant, it is logically impossible to allow *as part of the judgment* a reasonable attorney's fee on past-due benefits inasmuch as the entitlement to such benefits has not yet been determined. See McGraw, 370 F. Supp. 2d at 1145 ("[A]t the time of remand, neither the Court nor the Plaintiff [knew] whether or not benefits may be granted and eventually awarded.").

---

[7]Attorney's fees for work performed before the Commissioner of Social Security during the administrative proceedings may be approved by the Commissioner under 42 U.S.C. § 406(a).

[8]The court in McGraw provides a thoughtful and comprehensive analysis in determining that 42 U.S.C. § 406(b) does not provide authority to award attorney's fees in Social Security cases where the judgment of the court does not grant past-due benefits to the claimant, but instead merely remands the matter to the Commissioner for further proceedings. Because this Court cannot add to the thorough and well reasoned opinion of the district court in McGraw, it chooses to and expressly adopts that court's reasoning instead.

Accordingly, upon review of the plain language of 42 U.S.C. § 406(b), the undersigned determines that the statute does not permit an award of attorney's fees from a claimant's past-due benefits where the court's judgment does not entitle the claimant to benefits, but merely remands the matter to the Commissioner for additional consideration.

## IV. Conclusion

In a Memorandum and Order entered March 28, 2002, this Court found the Commissioner's decision to deny plaintiff Disability Insurance Benefits and Supplemental Security Income not to be supported by substantial evidence on the record as a whole. The Court made no substantive determination that the plaintiff was disabled and/or entitled to past-due benefits, but instead entered judgment to reverse the Commissioner's decision and to remand the cause for further proceedings. Although this judgment permitted plaintiff's attorney to seek a reasonable attorney's fee from the government under the EAJA, he did not do so and is now time-barred from seeking such fees. Further, inasmuch as this Court's judgment entered March 28, 2002, did not in itself entitle plaintiff to the receipt of past-due benefits, 42 U.S.C. § 406(b) does not permit plaintiff's attorney to recover attorney's fees thereunder for work performed before the Court on plaintiff's appeal. Therefore, to the extent attorney Rhodes' petition for fees seeks approval for payment of a reasonable attorney's fee under 42 U.S.C. § 406(b),

the petition should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that attorney Donald Rhodes' Petition for Representative's Fee (Docket No. 21) is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide notice of this determination to plaintiff Clarence R. Pace, Jr., personally; all attorneys of record; and to the Social Security Administration.

                                                                    /s/ Frederick R. Buckles
                                                                    UNITED STATES MAGISTRATE JUDGE

Dated this  _18th_  day of October, 2005.